1998 ND 34

**Robert A. FREED, Plaintiff and Appellant,**

v.

**Bobby M. UNRUH, Defendant and Appellee.**

**Civil No. 970201.**

Supreme Court of North Dakota.

Feb. 12, 1998.

Robert A. Freed, Bismarck, pro se.

Jerry W. Evenson, of Zuger Kirmis & Smith, Bismarck, for defendant and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Robert A. Freed appealed from a summary judgment dismissing his claim against Bobby M. Unruh for property damages resulting from a car accident. We conclude Freed's settlement and release with Unruh's insurer bars Freed's action, and we affirm.

[¶ 2] On February 14, 1997, Freed's car struck Unruh's car when Unruh ran through a red light at a Bismarck intersection. Repair estimates for Freed's 1996 Toyota Camry LE were $4,841.36. Freed was aware that, under N.D.C.C. § 39–05–17.2 and N.D.A.C. Chapter 37–09–01 as they existed at the time, he was required to complete a damage-disclosure statement before transferring title to his car because the car sustained more than $3,000 in body damage. Freed asked his insurer and Unruh's insurer to pay him for the loss in value resulting from the collision and the damage-disclosure requirement, but both refused.

[¶ 3] Freed accepted a check for $4,841.36 from Unruh's insurer. Attached to the check was a notation stating "full settlement, release and discharge of all claims of payee(s) for property damage only against Douglas & Bobby Unruh for accident of 02/14/97." Freed did not have the car repaired, but decided to buy a different car. The car dealership Freed negotiated with told him they would trade him another 1996 Toyota Camry LE for his damaged car, the $4,841.36 insurance check, and an additional $3,500 in cash. Freed decided to trade for an older model 1994 car, agreeing to turn over his damaged car, the $4,841.36 insurance check, and an additional $2,000 in cash as payment.

[¶ 4] Freed sued Unruh in small claims court seeking $3,760 in damages. The amount Freed sought represented the additional $3,500 in cash he would have had to pay to get the same year model car as his damaged car, tax on that amount, licensure fees, and "[p]hotos and developing." Freed alleged the damage to his car was "about $4,800.00" and acknowledged receipt of the insurance check, but sought the loss in value of his car caused by the damage-disclosure requirement. In her answer, Unruh did not plead the release as an affirmative defense.

[¶ 5] Unruh removed the case to district court and moved for summary judgment. The trial court granted the motion, noting if Freed had had the car repaired, it may well have been returned to its pre-accident condition, but by trading the car Freed suffered a loss in addition to the cost of repair because the diminution in value of the car exceeded the cost of repair. The court concluded Unruh was liable only to repair Freed's car to the condition it was in immediately before the accident and "[t]here is no proof that the $4,841.36 offered and accepted would not have done just that." The court further concluded, assuming Freed had a choice of the measure of damages under N.D.C.C. § 32–03–09.1, "he could have rejected the offered settlement and brought action for the diminution in value. He chose not to do that." Judgment was entered dismissing the action.

[¶ 6] Summary judgment is a procedural device for the prompt and expeditious disposition of a controversy without trial if either party is entitled to judgment as a matter of law, if no dispute exists as to either the material facts or the inferences to be drawn from undisputed facts, or if resolving disputed facts would not alter the result. *Ohio Farmers Ins. Co. v. Dakota Agency,* 551 N.W.2d 564 (N.D.1996). On appeal, we review the evidence in the light most favorable to the party opposing the motion for summary judgment. *Johnson Farms v. McEnroe,* 1997 ND 179, ¶ 2, 568 N.W.2d 920.

[¶ 7] Freed asserts the trial court misinterpreted the applicable statutes in granting Unruh's motion for summary judgment. However, we need not decide whether the trial court properly applied the statutes. Here, the trial court properly granted summary judgment in favor of Unruh because, as a matter of law, Freed was not entitled to any relief.

[¶ 8] Although Unruh failed to plead release as an affirmative defense under the requirements of N.D.R.Civ.P. 8(c), we have been liberal in allowing an amendment of the pleadings to conform to the evidence under N.D.R.Civ.P. 15(b). *E.g., First Nat. Bank of Belfield v. Burich,* 367 N.W.2d 148 (N.D.1985). *See also* 5 Wright & Miller, Federal Practice and Procedure: Civil 2d § 1278 (1990). As we said in *Dardis v. Eddy Brothers,* 223 N.W.2d 674, 680 (N.D.1974), "a trial court must in some instances give more weight to Rule 15(b) than to Rule 8(c) if the crucial issues in a lawsuit are to be decided and the truth is to be found." Furthermore, when the trial court receives evidence on an unpleaded affirmative defense and considers that evidence in arriving at its decision, we have considered the merits of the affirmative-defense issue on appeal under the theory the issue was tried by the implied consent of the parties. *E.g., Wildfang Miller Motors, Inc. v. Rath,* 198 N.W.2d 210 (N.D.1972). *See also Askew v. Joachim Memorial Home,* 234 N.W.2d 226 (N.D.1975); *Frank v. Daimler–Benz, A.G., Stuttgart,* 226 N.W.2d 143 (N.D.1975); 6A Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 1493 (1990). Liberal application of the rule is especially appropriate in the context of the small claims procedure, which is intended to be simple and informal. *See Towne v. Dinius,* 1997 ND 125, ¶ 7, 565 N.W.2d 762; *Svanes v. Grenz,* 492 N.W.2d 576 (N.D.1992); *Raaum v. Powers,* 396 N.W.2d 306 (N.D.1986).

[¶ 9] In this case, Unruh supported her motion for summary judgment with the attachment to the insurance check stating "full settlement, release and discharge of all claims of payee(s) for property damage only against Douglas & Bobby Unruh for accident of 02/14/97." The trial court obviously considered the issue of release when it concluded if Freed "had a choice of the measure of damages, he could have rejected the offered settlement and brought action for the diminution in value. He chose not to do that." We conclude the issue of the release was tried by the implied consent of the parties and Unruh's failure to plead release as an affirmative defense does not preclude us from considering the issue.

[¶ 10] The release expressly settles all claims for "property damage" arising from the accident. This broad release covers what Freed seeks in this action—the loss in the value of his car allegedly caused by the damage-disclosure requirement. Even if Freed's asserted loss were not considered "property damage," allowing him to proceed with this lawsuit would be analogous to an improper splitting of a cause of action. *Compare Farmers Ins. Exchange v. Arlt,* 61 N.W.2d 429, 434 (N.D.1953)("when there is a single cause of action, although there may be different kinds of damages, only one suit can be brought"); *Jacobson v. Mutual Ben. Health & Accident Ass'n,* 73 N.D. 108, 11 N.W.2d 442 (1943) (a person who has availed himself of part of a single claim or obligation in an action or defense is thereafter estopped from enforcing the remainder of it). We therefore conclude the trial court properly granted summary judgment dismissing Freed's claim.

[¶ 11] The summary judgment is affirmed.

[¶ 12] SANDSTROM, NEUMANN, MARING and MESCHKE, JJ., concur.