Filed 6/18/99 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

1999 ND 111

Rodney D. Engel, Plaintiff and Appellant

v.

Montana Dakota Utilities, Defendant and Appellee

No. 980371

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Norman J. Backes, Judge.

AFFIRMED.

Opinion of the Court by Sandstrom, Justice.

Paul D. Johnson, P.O. Box 9028, Fargo, N.D. 58106-9028, and Mark G. Schneider of Schneider, Schneider & Phillips, 815 Third Avenue South, Fargo, N.D. 58103, for plaintiff and appellant; argued by Paul D. Johnson.

Sarah Andrews Herman of Dorsey & Whitney, P.O. Box 1344, Fargo, N.D. 58107-1344, for defendant and appellee.

Engel v. MDU

No. 980371

Sandstrom, Justice.

[¶1] Rodney D. Engel appealed from the final entry of summary judgment in his employment discrimination suit against Montana Dakota Utilities (MDU).  Because Engel was not qualified for the position for which he applied, MDU did not discriminate in its failure to hire him.  We affirm.

 

I

[¶2] Engel was employed by MDU as a lineman from 1978 until 1994, when he underwent open heart surgery.  Following his surgery, MDU placed him in a temporary position doing light clerical work, in accordance with company policy.  In 1995, when Engel and MDU knew he could not return to work as a lineman because of his medical condition, his temporary position was terminated.

[¶3] Engel entered Interstate Business College in 1995, and completed a course in computer-aided drafting in 1997.  While attending school, Engel continued to apply for positions with MDU and was eventually hired as a part-time, after-hours dispatcher in February 1996.  In March 1997, when he did not receive the position of electrical system dispatcher, for which he had applied, Engel quit as part-time, after-hours dispatcher and filed this action.

[¶4] Engel alleges MDU, in not awarding him the electrical system dispatcher position, discriminated against him by failing to reasonably accommodate his disability under the North Dakota Human Rights Act.  MDU moved for summary judgment, arguing Engel is neither disabled nor an “otherwise qualified person” under N.D.C.C. ch. 14-02.4, and the position Engel applied for is not equivalent to his former position of lineman, but would be a promotion.  The district court granted MDU’s motion for summary judgment.

[¶5] Engel appealed from the order for judgment of the East Central Judicial District Court, which had jurisdiction under N.D.C.C. § 27-05-06.  This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28-27-01.

 

II

[¶6] Summary judgment is a procedure for the prompt and expeditious disposition of a controversy without trial if either litigant is entitled to judgment as a matter of law, if no dispute exists as to either the material facts or the inferences to be drawn from undisputed facts, or if resolving factual disputes would not alter the results.  
Perry Center, Inc. v. Heitkamp
, 1998 ND 78, ¶ 12, 576 N.W.2d 505.  On appeal, we review the evidence in the light most favorable to the party opposing the summary judgment motion.  
Freed v. Unruh
, 1998 ND 34, ¶ 6, 575 N.W.2d 433.

[¶7] Although the party seeking summary judgment has the burden to clearly demonstrate there is no genuine issue of material fact, the court must also consider the substantive standard of proof at trial when ruling on a summary judgment motion.  
State Bank of Kenmare v. Lindberg
, 471 N.W.2d 470, 474-75 (N.D. 1991).  The party resisting the motion may not simply rely upon the pleadings or upon unsupported, conclusory allegations, but must present competent admissible evidence by affidavit or other comparable means that raises an issue of material fact, and must, if appropriate, draw the court’s attention to relevant evidence in the record raising an issue of material fact.  
Kummer v. City of Fargo
, 516 N.W.2d 294, 297 (N.D. 1994).  Summary judgment is proper against a party who fails to make a showing sufficient to establish the existence of an element essential to the party’s case and on which that party will bear the burden of proof at trial.  
Matter of Estate of Stanton
, 472 N.W.2d 741, 746 (N.D. 1991).

 

III

[¶8] Engel argues he is disabled and MDU discriminated against him when it failed to hire him as electrical system dispatcher.  We have enunciated the framework for analyzing discriminatory employment allegations under state law:

[U]nder our modification of the 
McDonnell Douglas/Burdine
 framework, in a case under Chapter 14-02.4, NDCC, the plaintiff has the initial burden of proving by a preponderance of the evidence a prima facie case of discrimination.  Establishment of the prima facie case creates a presumption that the employer unlawfully discriminated against the plaintiff.  If the plaintiff meets his or her burden of persuasion, and succeeds in establishing the presumption, then, under Rule 301, NDREvid, the burden of persuasion shifts to the employer to rebut the presumption of discrimination by proving by a preponderance of the evidence that its action was motivated by one or more legitimate, nondiscriminatory reasons.  If the employer fails to persuade the trier of fact that the challenged action was motivated by legitimate, nondiscriminatory reasons, the plaintiff prevails.  If, however, the employer persuades the fact finder that its reasons were nondiscriminatory, the employer prevails.

 

Zimmerman v. Minot Public School Dist. No. 1
, 1998 ND 14, ¶ 10, 574 N.W.2d 797 (quoting 
Schweigert v. Provident Life Ins. Co.
, 503 N.W.2d 225, 229 (N.D. 1993)).  This formula allocates the order of presentation of proof and ascribes the burden of proof each party bears.  
Schweigert
, at 227.  To establish a prima facie failure-to-accommodate case under the Americans with Disabilities Act,
(footnote: 0) the plaintiff must show:  1) the plaintiff is disabled; 2)  the plaintiff is an “otherwise qualified person” who can perform the essential functions of the position; and 3) the employer failed to hire the plaintiff because of the plaintiff’s disability.  
Smith v. Midland Brake, Inc.
, 138 F.3d 1304 (10th Cir. 1998); 
see
 
Zimmerman
, 1998 ND 14, ¶ 13, 574 N.W.2d 797.

A

[¶9] Engel must initially prove he is disabled.  He argues a broad definition of “disabled,” encompassing virtually anyone who cannot perform a certain class of jobs.  The North Dakota Human Rights Act prohibits employer discrimination in employment for a number of reasons, including physical disability.  
Zimmerman
, 1998 ND 14, ¶ 9, 574 N.W.2d 797 (citing N.D.C.C. § 14-02.4-01; 
Thompson v. City of Watford City
, 1997 ND 172, ¶ 13, 568 N.W.2d 736).  The law specifically prohibits an employer from refusing to hire or failing to employ a person because of a physical disability.  N.D.C.C. § 14-02.4-03.  “‘Discriminatory practice’ means an act or attempted act which because of . . . physical or mental disability . . . results in the unequal treatment . . . of any persons, or denies, prevents, limits, or otherwise adversely affects . . . the benefit of enjoyment by any person of employment . . . .”  N.D.C.C. § 14-02.4-02(4).

[¶10] Under the North Dakota Human Rights Act, “‘[d]isability’ means a physical or mental impairment that substantially limits one or more major life activities, a record of this impairment, or being regarded as having this impairment.”  N.D.C.C. § 14-02.4-02(3).
(footnote: 2)  A person is substantially limited in the major life activity of working if he is “significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities.”  29 C.F.R. § 1630.2(j)(3)(i).  In 
Webb v. Garelick Manufacturing Co.
, 94 F.3d 484, 487 (8th Cir. 1996), the court said:

Under this broad definition of substantial limitation, an ADA plaintiff need not demonstrate that her impairment restricts her ability to perform all jobs.  Rather, as the [Equal Employment Opportunity Commission’s] interpretive guide to the Act illustrates, an individual is disabled when her impairment merely prevents performance of a certain class of jobs.

 

[¶11] Following his heart surgery, Engel was told by his doctors he could not return to work as a lineman because he could not perform jobs in which he risked blunt force trauma or lacerations, heavy exertion, and multiple changes in position.  The district court did not decide whether Engel had met his burden of showing he was disabled, and we do not reach this issue because the question whether Engel was qualified for the job is dispositive of this appeal.

B

[¶12] To meet his burden of establishing a prima facie case of employment discrimination, Engel must prove not only that he is disabled but that he is “otherwise qualified” for the job he is seeking.  An otherwise qualified person “means a person who is capable of performing the essential functions of the particular employment in question.”  N.D.C.C. § 14-02.4-02(10).  Under the Americans with Disabilities Act:

[t]he term “qualified individual with a disability” means an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.  For the purposes of this subchapter, consideration shall be given to the employer’s judgment as to what functions of a job are essential . . . .

 

Foreman v. Babcock & Wilcox Co.
, 117 F.3d 800, 807-08 (5th Cir. 1997) (quoting 42 U.S.C. § 12111).

[¶13] Even if Engel were disabled as defined under the North Dakota Human Rights Act and the Americans with Disabilities Act, he offered no evidence upon which a jury could find he was a qualified individual.  Engel applied unsuccessfully for the position of electrical system dispatcher four different times 
before
 his open heart surgery.  He did not possess the training or the skill required to perform the electrical system dispatcher duties.  Engel conceded he lacked the requisite communication skills for the electrical systems dispatcher position, and nothing in this record shows, nor did the district court find, any actions by MDU that would lead someone to believe MDU refused to hire Engel for a discriminatory reason.  We hold Engel failed to show he was qualified for the position of electrical system dispatcher and thus did not meet his burden of establishing a prima facie case of employment discrimination.

 

IV

[¶14] The judgment of the district court granting summary judgment is affirmed.

[¶15] Dale V. Sandstrom

William A. Neumann

Mary Muehlen Maring

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.

FOOTNOTES
0:
⎪   
As both parties point out, case law interpreting the North Dakota Human Rights Act is sparse, and because of the similarities in terms, the Americans with Disabilities Act provides guidance.  
See
 
Schweigert
, 503 N.W.2d at 227.

2:    
This definition is similar to the definition contained in the Americans with Disabilities Act.  42 U.S.C. § 12102(2)(A).