2000 ND 107

**Terrence J. SULLIVAN, Plaintiff and Appellant,**

v.

**Nicholas J. PULKRABEK, Defendant and Appellee.**

**No. 20000017.**

Supreme Court of North Dakota.

May 25, 2000.

William J. Brudvik of Ohnstad Twichell, Mayville, N.D., for plaintiff and appellant.

Thomas R. Olson and Aaron J. Dorrheim (argued) of Jeffries, Olson & Flom, PA, Moorhead, MN, for defendant and appellee.

SANDSTROM, Justice.

[¶ 1] Terrence J. Sullivan appeals from a judgment of the East Central Judicial District Court dismissing his suit against Nicholas J. Pulkrabek. We affirm.

I

[¶ 2] On February 15, 1997, Sullivan, who was driving his 1997 Chevrolet pickup, collided with a car driven by Pulkrabek. Following the accident, Sullivan had his pickup fully repaired at a cost of $4,873.12. Sullivan's insurance company paid for the repairs and then sought reimbursement from Pulkrabek and his insurer. Pulkrabek's insurer reimbursed Sullivan's insurer for the full amount of the repairs.

[¶ 3] Sullivan then traded in his repaired pickup for a new 1997 Chevrolet pickup. At that time, his repaired pickup had approximately 4,400 miles on it. In addition to the trade-in value of the repaired pickup, Sullivan had to pay $8,480 for the new pickup.

[¶ 4] Sullivan then brought the present action to recover the $8,480 from Pulkrabek. Pulkrabek brought a motion for summary judgment, arguing Sullivan had been fully compensated under N.D.C.C. § 32–03–09.1. The district court granted the motion on November 24, 1999, and Sullivan timely appealed.

[¶ 5] The district court had jurisdiction under N.D.C.C. § 27–05–06. This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28–27–01.

II

[¶ 6] Summary judgment is a method for promptly and expeditiously disposing of a controversy, without trial, if either party "is entitled to judgment as a matter of law, if no dispute exists as to either the material facts or the inferences to be drawn from undisputed facts, or if resolving factual disputes would not alter the results." *Engel v. Montana Dakota Utils.*, 1999 ND 111, ¶ 6, 595 N.W.2d 319 (citing *Perry Ctr., Inc. v. Heitkamp*, 1998 ND 78, ¶ 12, 576 N.W.2d 505). Rule 56(c), N.D.R.Civ.P., states summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." "On appeal, we review the evidence in the light most favorable to the party opposing the summary judgment motion." *Engel*, at ¶ 6 (citing *Freed v. Unruh*, 1998 ND 34, ¶ 6, 575 N.W.2d 433).

[¶ 7] Sullivan argues the district court erred in granting Pulkrabek's motion for summary judgment because there exists a genuine issue of material fact. Sullivan claims the issue of material fact is the

measure of damages under N.D.C.C. § 32–03–09.1.

[¶ 8] Section 32–03–09.1, N.D.C.C., states:

The measure of damages for injury to property caused by the breach of an obligation not arising from contract, . . . is presumed to be the reasonable cost of repairs necessary to restore the property to the condition it was in immediately before the injury was inflicted and the reasonable value of the loss of use pending restoration of the property, unless restoration of the property within a reasonable period of time is impossible or impracticable, in which case the measure of damages is presumed to be the difference between the market value of the property immediately before and immediately after the injury and the reasonable value of the loss of use pending replacement of the property. Restoration of the property shall be deemed impracticable when the reasonable cost of necessary repairs and the reasonable value of the loss of use pending restoration is greater than the amount by which the market value of the property has been diminished because of the injury and the reasonable value of the loss of use pending replacement.

[¶ 9] Sullivan argues N.D.C.C. § 32–03–09.1 creates a rebuttable presumption that the cost of repairs is the adequate measure of damages. Sullivan argues he is damaged beyond the amount of repairs because of the vehicle damage disclosure requirements of N.D.C.C. § 39–05–17.2, which lowered the trade-in value of the repaired pickup.

[¶ 10] In *Roll v. Keller,* this Court discussed N.D.C.C. § 32–03–09.1, stating "either the cost to repair or the diminution in value, whichever is lower, is the measure which should be applied." 356 N.W.2d 154, 157 (N.D.1984). *See also Jablonsky v. Klemm,* 377 N.W.2d 560, 568 (N.D.1985). The plaintiff has the right to elect the measure deemed more accurate when either method is an appropriate measure of damages. *Lang v. Wonnenberg,* 455 N.W.2d 832, 839 (N.D.1990). The defendant then has the burden of proving the alternative measure is more appropriate. *Id.*

[¶ 11] The present case is similar to *Freed v. Unruh,* in which we held the plaintiff was, as a matter of law, not entitled to any relief because he had accepted a check for repairs to his vehicle with a notation stating it was a "full settlement, release and discharge of all claims" against the defendant. 1998 ND 34, ¶¶ 7, 9, 575 N.W.2d 433. Pulkrabek argues that even though there was no such disclaimer here, Sullivan is not entitled to relief because he chose to repair his pickup and to accept payment for those repairs.

[¶ 12] Section 32–03–09.1, N.D.C.C., clearly states the lesser of the two methods of assessing damages is the proper standard for recovery for property injury. The Iowa case relied on by Sullivan, *Milani v. Garrison,* 1999 WL 1158565 (Iowa Ct.App.1999), is distinguishable from the present case because Iowa does not have a statute comparable to N.D.C.C. § 32–03–09.1.

[¶ 13] Because Sullivan has already chosen to receive the cost of repair over the diminution in value, he has received the full measure of damages under § 32–03–09.1. The statute also allows for recovery for loss of use; however, Sullivan concedes he was compensated for the loss of the use of his pickup. Thus, the district court did not err in granting Pulkrabek's motion for summary judgment.

III

[¶ 14] The judgment of the district court is affirmed.

[¶ 15] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, MARY MUEHLEN MARING, CAROL RONNING KAPSNER, JJ., concur.