2002 ND 68

**Geraldine KNUTSON, Plaintiff and Appellant,**

**and**

**Andrea Knutson, Plaintiff,**

**v.**

**The COUNTY OF BARNES, in its corporate capacity; Barnes County Juvenile Court; Barnes County Social Services, in its corporate capacity; The City of Valley City, in its corporate capacity; Valley City Police Department; Mark McDonald, in his official**

capacity, and as an individual; Heather M. Pautz, in her official capacity, and as an individual; Don Nelson, in his official capacity, and as an individual, and, Karen Kringlie, in her official capacity, and as an individual, Defendants and Appellees.

No. 20010203.

Supreme Court of North Dakota.

April 18, 2002.

Rehearing Denied May 16, 2002.

Geraldine Knutson, Valley City, plaintiff and appellant.

Andrew Moraghan, Assistant Attorney General, Bismarck, for defendants and appellees Barnes County Juvenile Court and Karen Kringlie.

Jerilynn Brantner Adams of Vogel, Weir, Hunke & McCormick, Ltd., Fargo, for defendants and appellees Barnes County, Barnes County Social Services, City of Valley City, Valley City Police Department, Mark McDonald, Heather M. Pautz, and Don Nelson.

NEUMANN, Justice.

[¶ 1] Geraldine Knutson appeals from a trial court's judgment dismissing her complaint in part and granting summary judgment as to the remaining defendants. We affirm the trial court's judgment.

I

[¶ 2] On October 11, 1997, Geraldine Knutson called the Valley City Police Department and reported her daughter was unruly. Knutson requested her daughter be placed in attendant care. Officer Mark McDonald responded to the call and arrested Knutson for simple assault against her daughter. On October 12, 1997, Knutson's daughter was temporarily removed from her home and placed in the care of Barnes County Social Services. The Barnes County Social Services filed a juvenile petition alleging the daughter was both deprived and unruly. At the hearing, Knutson agreed Social Services would retain custody and control of the daughter for forty-five days, after which time custody and control would be returned to Knutson. Knutson received custody of her daughter on January 7, 1998. The simple assault charge against Knutson was dismissed for insufficient evidence.

[¶ 3] Knutson and her daughter commenced this action on March 20, 2000, alleging the various defendants acted in concert in violating their rights by unlawfully arresting Knutson and removing her daughter from Knutson's custody. The Barnes County Juvenile Court and defendant Karen Kringlie, a juvenile court offi-

cer, moved for dismissal under N.D.R.Civ.P. 12. The remaining defendants (collectively "Barnes County") answered and demanded a jury trial. The trial court granted the motion to dismiss the juvenile court and Kringlie. Knutson appealed the trial court's dismissal. This Court dismissed that appeal by an order dated December 27, 2000. Barnes County moved for summary judgment. Knutson and her daughter moved to strike the motion for summary judgment because it contained restricted juvenile material. The trial court denied Knutson's motion, and granted Barnes County's motion for summary judgment. Knutson and her daughter moved the trial court to reconsider, or in the alternative, moved for a new trial. The trial court denied the motion. Knutson appeals.

II

[¶ 4] Under N.D.R.Civ.P. 12(b)(i), a complaint should be dismissed if the trial court lacks subject-matter jurisdiction. The notice of claim requirements in N.D.C.C. § 32–12.2–04 implicate a court's subject-matter jurisdiction. *Lang v. Schafer*, 2000 ND 2, ¶ 4, 603 N.W.2d 904.

[¶ 5] Claims against the State of North Dakota and its employees are governed by N.D.C.C. ch. 32–12.2. Section 32–12.2–04(1), N.D.C.C., provides:

1. A person bringing a claim against the state or a state employee for an injury shall present to the director of the office of management and budget within one hundred eighty days after the alleged injury is discovered or reasonably should have been discovered a written notice stating the time, place, and circumstances of the injury, the names of any state employees known to be involved, and the amount of compensation or other relief demanded. The time for giving the notice does not include the time during which a person injured is incapacitated by the injury from giving the notice. If the claim is one for death, the notice may be presented by the personal representative, surviving spouse, or next of kin within one year after the alleged injury resulting in the death.

A party bringing a legal action against the state or one of its employees must deliver a copy of the summons and complaint to the office of management and budget when the summons and complaint are served in the action. N.D.C.C. § 32–12.2–04(5). Absent the timely filing of a notice of claim against the state or one of its employees, the trial court lacks subject-matter jurisdiction to entertain the lawsuit. *Kautzman v. McDonald*, 2001 ND 20, ¶ 11, 621 N.W.2d 871. If a party suing the state fails to satisfy the notice of claim provision under N.D.C.C. § 32–12.2–04(1), dismissal of the party's complaint is proper. *State v. Haskell*, 2001 ND 14, ¶ 8, 621 N.W.2d 358.

[¶ 6] Knutson's complaint seeks money damages from the Barnes County Juvenile Court and Kringlie for the alleged wrongful removal of her daughter from Knutson's custody. On October 12, 1997, the child was removed from Knutson's custody and placed into foster care under the supervision of Barnes County Social Services. The child was returned to Knutson's custody on January 7, 1998. On September 21, 1999, Knutson presented a notice of claim to the office of management and budget, seeking money damages for the alleged wrongful removal of her daughter from her custody. Knutson's alleged claim against the Barnes County Juvenile Court and Kringlie was presented to the office of management and budget almost two years after her daughter was removed from her custody.

[¶ 7] Knutson argues the trial court erred in dismissing the claims against the Barnes County Juvenile Court and Karen Kringlie because it misinterpreted the word *accrue*. Knutson contends she, as the injured party, is most capable of determining when the injuries accrued. Knutson argues her injuries had not accrued until after the dismissal of her simple assault charge, and after the conclusion of a prior action. Therefore, she asserts her notice was timely.

[¶ 8] Section 32–12.2–04(1), N.D.C.C., requires notice "within one hundred eighty days after the alleged injury is discovered or reasonably should have been discovered...." Knutson should have known her claim for wrongful removal began at the time her daughter was removed from her custody. The trial court correctly determined Knutson's failure to comply with the notice provisions in N.D.C.C. § 32–12.2–04 required dismissal of the action. *See Cooke v. University of North Dakota*, 1999 ND 238, ¶ 14, 603 N.W.2d 504.

[¶ 9] Knutson also argues Barnes County Juvenile Court is not a state court, and Karen Kringlie is not a state employee. The trial court found that a *juvenile court* is a *state court* under N.D.C.C. § 27–20–02(12), which states: " 'Juvenile court' means the district court of this state." The trial court also found that Karen Kringlie is a state employee, based on the uncontradicted affidavit of Keithe Nelson, the State Court Administrator. We conclude the trial court was correct in finding the Barnes County Juvenile Court was a state court, and that Kringlie was a state employee.

[¶ 10] We affirm the trial court's dismissal of the action against the Barnes County Juvenile Court and Karen Kringlie.

## III

[¶ 11] Summary judgment is an appropriate procedure for promptly and expeditiously disposing of a controversy, without trial, if either party is entitled to judgment as a matter of law, and if no dispute exists as to either the material facts or the inferences to be drawn from the undisputed facts, or if resolving factual issues would not alter the results. *Mead v. Farmers Union Mut. Ins. Co.*, 2000 ND 139, ¶ 12, 613 N.W.2d 512. On appeal, we review the evidence in a light most favorable to the party opposing the summary judgment motion. *Sullivan v. Pulkrabek*, 2000 ND 107, ¶ 6, 611 N.W.2d 162. A party resisting the motion may not simply rely upon the pleadings or upon unsupported, conclusory allegations, but must present competent admissible evidence by affidavit or other comparable means that raises an issue of material fact, and must, if appropriate, draw the court's attention to relevant evidence in the record raising an issue of material fact. *Engel v. Montana Dakota Utilities*, 1999 ND 111, ¶ 7, 595 N.W.2d 319. Summary judgment is proper when a party fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which the party will bear the burden of proof at trial. *Id.*

[¶ 12] Knutson's claims against Barnes County are based on alleged violations of North Dakota's Racketeer Influenced and Corrupt Organizations law ("RICO"). *See* N.D.C.C. ch. 12.1–06.1. A person may file a civil action if an injury is sustained as a result of racketeering activity or by a violation of N.D.C.C. § 12.1–06.1–03. N.D.C.C. § 12.1–06.1–05(1). A plaintiff must plead a RICO claim with a required particularity, similar to the requirement for pleading fraud. *Rolin Mfg., Inc. v. Mosbrucker*, 544 N.W.2d 132, 138 (N.D.1996).

[¶ 13] In granting the Barnes County's motion for summary judgment, the trial court explained:

The North Dakota Supreme Court requires a plaintiff to establish the existence of an enterprise, that there is a pattern of racketeering activity consisting of at least two related predicate criminal acts, and that there exist either convictions for those alleged criminal acts or that probable cause exists to believe criminal acts were committed. *See Rolin Mfg., Inc. v. Mosbrucker*, 544 N.W.2d 132, 138 (N.D.1996).

An enterprise must be distinct or separate from the alleged pattern of racketeering activity. An enterprise must have a common or shared purpose, have some continuity of structure and personnel, and have an ascertainable structure distinct from that inherent in a pattern of racketeering. *See United HealthCare Corp. v. American Trade Ins. Co. Ltd.*, 88 F.3d 563, 570 (8th Cir.1996). Nothing in the plaintiffs' Complaint or subsequent filings alleges or establishes the necessary characteristics of an enterprise.

Neither the plaintiffs' complaint nor their subsequent filings establish a "pattern of racketeering activity" consisting of two or more related predicate criminal acts. Some counts of the Complaint allege only one criminal offense. Of those that allege more than one offense, the alleged offenses arise out of the same conduct. Merely alleging that conduct is criminal does not make it so. *Rolin Mfg., Inc. v. Mosbrucker*, 544 N.W.2d at 138. There is also no allegation of nor documentation of continuing racketeering activity, as is required by the North Dakota Supreme Court. *Burr v. Kulas*, 1997 ND 98, 564 N.W.2d 631.

The alleged acts of the defendants, viewed in the light most favorable to the plaintiffs, do not give rise to probable cause to believe that any of the defendants committed any of the alleged criminal acts set out in the Complaint. Nor have the plaintiffs alleged or established that any of the alleged acts of the defendants were for financial gain.

[¶ 14] We conclude Knutson failed to properly plead the necessary elements to satisfy the statutory RICO requirements under chapter 12.1–06.1, N.D.C.C. Knutson also failed to present any evidence to support her allegations against the defendants. The trial court did not err in granting summary judgment dismissing Knutson's claims against Barnes County.

[¶ 15] Knutson moved to strike the Barnes County's summary judgment motion, arguing it was based on forbidden, restricted, and scandalous material that was confidential. She also argues on appeal this forbidden material was improperly sealed by the trial court. The record indicates Barnes County's motion for summary judgment was based in part upon juvenile records, and that Barnes County requested those records, submitted in support of the motion for summary judgment, be sealed. Knutson's action was based in large part on Barnes County's conduct in the prior juvenile proceedings. The records of those proceedings were essential evidence of what had occurred. Barnes County moved to seal the summary judgment motion and the supporting documents because they wanted to protect the juvenile. Barnes County did not want the juvenile court documents to become part of a public record in this proceeding. The trial court did not err in denying Knutson's motion to strike Barnes County's motion for summary judgment.

IV

[¶ 16] On appeal, Knutson has failed to raise the issue of dismissal of

Mark McDonald, Heather Pautz, and Don Nelson as individuals, as well as in their official capacity. Though these defendants are identified in the title of the complaint as being sued in their official capacities, Knutson did not allege in her Complaint, or argue on appeal that these three people were acting in an individual capacity. "Issues not briefed by an appellant are deemed abandoned and will not be considered on appeal." *Berlin v. State*, 2000 ND 13, ¶ 22, 604 N.W.2d 437.

V

[¶ 17] The judgment of the trial court dismissing part of the complaint and granting summary judgment in favor of the remaining defendants is affirmed.

[¶ 18] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DALE V. SANDSTROM, JJ., and DONOVAN J. FOUGHTY, D.J., concur.

[¶ 19] The Honorable DONOVAN JOHN FOUGHTY, D.J., sitting in place of KAPSNER, J., disqualified.