1997 ND 231

**Gary J. MILLER, Plaintiff and Appellant,**

v.

**MEDCENTER ONE, Defendant and Appellee.**

**Civil No. 970077.**

Supreme Court of North Dakota.

Dec. 2, 1997.

Rehearing Denied Jan. 20, 1997.

---

William E. McKechnie, William E. McKechnie & Associates, P.C., Grand Forks, for plaintiff and appellant.

Robert J. Udland (argued) and DeeNelle L. Ruud, Fleck Mather & Strutz, Bismarck, for defendant and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Gary J. Miller appealed from a Judgment dismissing his action against Medcenter One for wrongful termination under the North Dakota Human Rights Act. We affirm because Miller failed to establish a factual dispute that his termination was because of his sex.

I

[¶ 2] Gary Miller was employed at Medcenter One since 1990. During his employment, he held various positions, mostly in the psychiatric unit. After becoming a registered nurse in 1992, Miller continued to work in the psychiatric unit at Medcenter One.

[¶ 3] Around 3:00 in the morning on October 13, 1992, a female arrived at the psychiatric unit seeking voluntary admission. Miller had previous contact with the patient. Her medical file was several inches thick. Miller was aware the patient was a frequent admittee but was unaware of the patient's history of manipulating staff members or her prior allegations of sexual abuse.

[¶ 4] Miller recalled the patient was anxious and distressed because of personal matters. As part of the admission procedure, Miller asked the patient when her last breast exam was and whether she did self exams. The patient told Miller she thought she had a lump on one of her breasts. She did not express pain associated with the lump or any pain in her breasts. The patient asked Miller several times to perform the breast exam. Miller finally performed the exam.

[¶ 5] While he was trained how to do breast exams in nursing school, Miller had no specific training in locating lumps or oncology. Moreover, breast exams were not part of the regular admission procedure at the Medcenter One psychiatric unit. Miller claims he conducted the exam in order to relieve the patient's anxiety. However, his deposition testimony reveals he conducted more than a merely cursory exam. Miller placed a towel under the patient's shoulder blade, removed her gown, exposed each breast and physically examined each of them.

[¶ 6] Miller did not document the patient's anxiety or the extent of his examination on the patient's chart. He merely indicated with a checkmark on the chart the patient's breasts were normal. Consequently, 16 months later, when the patient complained Miller abused her, Medcenter One had no record of the exam. The patient claimed she did not ask for the breast exam and submitted to it only because she thought it was part of the regular admission procedure. The patient said she trusted Miller and felt he had taken advantage of her. When asked by Medcenter One, Miller admitted he had done the exam, but only at the patient's request and to ease her anxiety.

[¶ 7] Miller was terminated on March 9, 1994. He was told by a Medcenter One executive "it was inappropriate for a male nurse to perform a breast exam on a female psychiatric patient." Miller requested review of the termination decision through Medcenter One's "Fair Treatment Procedure." After several reviews provided in the process, the termination decision was upheld by the president of Medcenter One.

[¶ 8] Miller commenced this action against Medcenter One, claiming his termination was in violation of the North Dakota Human Rights Act. After filing its answer, Medcenter One moved for summary judgment. Miller resisted. The district court ordered summary judgment for Medcenter One because Miller failed to prove three of the four elements of a prima facie case. Judgment was entered for Medcenter One.

## II

[¶ 9] On appeal, Gary J. Miller claims the district court erred in concluding he failed to establish the elements of a prima facie case of discrimination under the North Dakota Human Rights Act. We agree with the district court, Miller did not establish a prima facie case of discrimination.

[¶ 10] The North Dakota Human Rights Act was passed "to prevent and eliminate discrimination in employment relations, public accommodations, housing, state and local government services, and credit transactions...." N.D.C.C. § 14–02.4–01. While there are similarities between our state law and federal anti-discrimination laws, this Court applies a federal interpretation only when it is helpful and sensible. *Schweigert v. Provident Life Ins. Co.*, 503 N.W.2d 225, 227 (N.D.1993).

[¶ 11] In *Schweigert,* 503 N.W.2d at 227 (citing *Moses v. Burleigh County,* 438 N.W.2d 186 (N.D.1989)), the majority applied the analytical framework utilized by the federal courts in alleging discriminatory treatment:

"First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the [employment decision]. Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defen-

dant were not its true reasons, but were a pretext for discrimination." [1]

*Id.* (Internal quotations omitted) (citing *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981)).

[¶ 12] The majority further observed the formula does two things: "[f]irst, it allocates the order of presentation of proof[, and,] [s]econd, it ascribes the burden of proof each party bears." *Schweigert*, 503 N.W.2d at 227. The court, quoting *Burdine*, further observed "[e]stablishment of the prima facie case in effect creates a presumption that the employer unlawfully discriminated against the employee." [2] *Id.* at 227–28. (Internal quotations and citation omitted).

[¶ 13] The prima facie elements of a disparate-treatment, sex discrimination case under the North Dakota Human Rights Act are: (1) the plaintiff is a member of a protected class,[3] (2) the plaintiff suffered an adverse employment decision,[4] (3) the plaintiff's work performance was satisfactory to the employer,[5] and (4) the plaintiff must point to actions by the employer treating him adversely because of his protected status. *Schuhmacher*, 528 N.W.2d at 378. *See also Schweigert*, 503 N.W.2d at 227, n. 2.

[¶ 14] Because employers do have the right to terminate at-will employees who are in a protected class and perform their job satisfactorily, N.D.C.C. § 34–03–01, the fourth element is often the essence of a prima facie case of discrimination. In a sex-

1. The examination does not end with proof of pretext. As the Eighth Circuit recently observed in *Ryther v. KARE 11*, "[t]his is not to say that, for the plaintiff to succeed, simply proving pretext is necessarily enough." 108 F.3d 832, 837 (8th Cir.1997), *cert. denied*, — U.S. —, 117 S.Ct. 2510, 138 L.Ed.2d 1013.

"We emphasize that evidence of pretext will not by itself be enough to make a submissible case if it is, standing alone, inconsistent with a reasonable inference of age discrimination. Furthermore, as the *Hicks* Court explained, the plaintiff must still persuade the jury, from all the facts and circumstances, that the employment decision was based upon intentional discrimination."

*Id.* at 837–38 (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 n. 4, 113 S.Ct. 2742, 2750 n. 4, 125 L.Ed.2d 407 (1993)).

2. After the plaintiff establishes the elements of a prima facie case, the provisions of Rule 301, N.D. R. Ev., shift the burden of persuasion to the defendant. *Schweigert v. Provident Life Ins. Co.*, 503 N.W.2d 225, 228–29 (N.D.1993). *Compare Thompson v. City of Watford City*, 1997 ND 172, ¶¶ 15–16, 568 N.W.2d 736, 739. *But see Schuhmacher v. North Dakota Hosp. Ass'n*, 528 N.W.2d 374, 379 (N.D.1995) (holding in order to prevail our statute requires the plaintiff to affirmatively establish the adverse employment decision was because of unlawful discrimination); Jennifer L. Thompson, Comment, *Civil Rights — Employment Discrimination: The Standard of Review in State–Based Employment Discrimination Claims: The North Dakota Supreme Court Redefines the Standard of Review in Employment Discrimination Claims*, 72 N.D. L.Rev. 411, 425–26 (1996) (examining the difference between the *Schweigert* and *Schuhmacher* decisions). *See also Ryther v. KARE 11*, 108 F.3d at 837–38 (explaining the plaintiff must prove intentional discrimination in order to prevail under federal anti-discrimination law). In the present case, the *Schweigert*, bur-

den-shifting, analysis does not apply because the plaintiff has failed to prove his prima facie case.

3. The North Dakota Human Rights Act protects classes based on "race, color, religion, sex, national origin, age, physical or mental disability, status with respect to marriage or public assistance, or participation in lawful activity off the employer's premises during nonworking hours which is not in direct conflict with the essential business-related interests of the employer." N.D.C.C. § 14–02.4–03.

4. Under our human rights act an adverse employment decision includes not only termination, but also "fail[ing] or refus[ing] to hire a person; [ ] discharg[ing] an employee; or [ ] accord[ing] adverse or unequal treatment to a person or employee with respect to application, hiring, training, apprenticeship, tenure, promotion, upgrading, compensation, layoff, or a term, privilege, or condition of employment...." N.D.C.C. § 14–02.4–03.

5. Under the third element, the plaintiff is required to prove the employer did not have another, nondiscriminatory reason to issue the adverse employment decision. *Cf. Thompson v. City of Watford City*, 1997 ND 172, ¶ 20, 568 N.W.2d at 736, 740 (concluding plaintiff was discharged for unacceptable job behavior, not mental disability in a reasonable accommodation case). The third element separates claims by employees discharged *because* they are in a protected class from claims by discharged employees who happen to be in a protected class. *Schuhmacher v. North Dakota Hosp. Ass'n*, 528 N.W.2d 374, 381 (N.D.1995) (stating "[t]he North Dakota Human Rights Act does not prohibit discharging employees who are over forty years old. It prohibits discharging employees over the age of forty *because of their age.*" (emphasis retained)).

based, disparate-treatment case, the employee must prove similarly situated employees not in the protected class were treated more favorably. *Schuhmacher*, 528 N.W.2d at 378 (citing *Rea v. Martin Marietta Corp.*, 29 F.3d 1450 (10th Cir.1994)).[6] The fourth element focuses on specific employer practices to establish the prima facie case through indirect evidence of discrimination.

## III

[¶ 15] In granting Medcenter One's Motion for Summary Judgment, the district court concluded Miller failed to establish three of the four elements of a prima facie case. Summary judgment under Rule 56, N.D. R. Civ. P., should be granted when there is no genuine dispute as to the material facts. *Hummel v. Mid Dakota Clinic, P.C.*, 526 N.W.2d 704, 707, 709–10 (N.D.1995) (concluding summary judgment is appropriate in a case where plaintiff failed to establish prima facie elements under the North Dakota Human Rights Act). The non-movant cannot rely on simple allegations. *Id.* The resisting party must present competent evidence creating a factual dispute as to each essential element. *Pulkrabek v. Sletten*, 557 N.W.2d 225, 226 (N.D.1996). When no such evidence is presented it is presumed the evidence does not exist. *Id.* While the district court discussed all of the elements of the prima facie case, the last element is dispositive on appeal. On this record, Miller has failed to present evidence female employees were treated more favorably at Medcenter One.

[¶ 16] Miller offered the deposition testimony of Ms. Mary Schmid, R.N., M.S.N., as an expert witness. Nurse Schmid said she believes Miller's breast exam conformed with applicable standards of nursing care. In her deposition, Schmid said Miller's charting error warranted other forms of discipline such as coaching or counseling.[7] Schmid further testified the performance of a breast exam in this instance would not be improper according to standards of nursing care. In order to prove disparate treatment Miller must present evidence female nurses at Medcenter One were treated more favorably than he. *Schuhmacher*, 528 N.W.2d at 378. Nurse Schmid's testimony fails to establish Medcenter One, in particular, treated Miller any less favorably than female nurses. In a prima facie case, the plaintiff "must identify and relate specific instances where persons situated similarly in all relevant aspects were treated differently." *Molloy v. Blanchard*, 115 F.3d 86, 91 (1st Cir.1997) (internal quotations and citation omitted) (concluding female police officer presented sufficient evidence to show similarly situated male officers were treated differently). Without more, Nurse Schmid's national standard testimony is insufficient to transform allegations of discriminatory conduct into a factual dispute.

[¶ 17] Miller claims, despite Medcenter One's assertion charting is critical, Medcenter One cannot demonstrate any female nurses have ever been fired for a single instance of incomplete charting. The North Dakota Human Rights Act often requires a showing of disparate treatment by the specific defendant-employer. *But see* footnote 6 (explaining the fourth element may vary from case to case). However, the burden is on the plaintiff to offer the evidence in his prima facie case. *Schweigert*, 503 N.W.2d at 227.

[¶ 18] Miller also claims Medcenter One's comment that "it was inappropriate for

---

**6.** The fourth element varies from case to case. *Schweigert v. Provident Life Ins. Co.*, 503 N.W.2d 225, 227 n. 2 (N.D.1993) (noting "the evidence a plaintiff can present in his or her attempt to prove a prima facie case varies from case to case...."). For instance, in an age-based, reduction-in-force case, a showing the plaintiff was replaced may establish a prima facie case. *Schuhmacher v. North Dakota Hosp. Ass'n*, 528 N.W.2d 374, 378 (N.D.1995). Replacement, however, is not always appropriate. *See, e.g., Id.* (Noting replacement is not appropriate to show age-based discrimination when the plaintiff's position is eliminated).

**7.** In the present case, the procedure complained of by the female patient was the very same procedure Miller failed to chart. In his brief, Miller argues a nurse's first charting error would not normally result in termination. We question whether a hospital would normally continue to employ a nurse after a charting error if, for example, the error resulted in a patient's death or exposed the hospital to civil liability. Neither happened here. The fact remains, however, this same, improperly-charted, procedure resulted in a complaint of sexual abuse.

a male nurse to perform a breast exam on a female psychiatric patient," implies female nurses are treated more favorably. Reference to Miller's sex in this context does not present evidence of unlawful discrimination. *See, e.g., Smith v. Goodyear Tire & Rubber Co.,* 895 F.2d 467, 472 (8th Cir.1990) (concluding a single reference to age is insufficient to establish intent to discriminate), *Walker v. St. Anthony's Med. Ctr.,* 881 F.2d 554, 559–60 n. 6 (8th Cir.1989) (supervisor's sexist comment did not demonstrate decision to discharge was based on gender). Medcenter One's comment was made in a conversation detailing when breast exams should be given. It was also the same conversation in which Miller was informed of his termination. On this record, it does not appear Medcenter One's comment shows an intent to treat Miller differently because of his sex. What the comment does show is an awareness of a complaint of alleged sexual abuse by a female psychiatric patient against an employee of Medcenter One. Miller has failed to prove female nurses at Medcenter One were treated more favorably.

IV

[¶ 19] Because Miller has failed to establish an essential element of unlawful discrimination this Court does not need to discuss the other elements. *Braaten v. Deere & Co., et al.,* 1997 ND 202, ¶ 19, 569 N.W.2d 563 (failing to satisfy one essential element of a claim removes the necessity to consider arguments relating to the other elements). We conclude the district court's issuance of summary judgment was appropriate because Miller failed to establish a prima facie case of discrimination under the North Dakota Human Rights Act.

[¶ 20] We affirm.

[¶ 21] MESCHKE, MARING, NEUMANN and SANDSTROM, JJ., concur.

