# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3198

_____

| | | |
|---|---|---|
| Anton "Tony" Carlson; Paula Straub, | * | |
| | * | |
| Plaintiffs - Appellants, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of North Dakota. |
| Cooperative Power Association, | * | |
| | * | **UNPUBLISHED** |
| Defendant - Appellee. | * | |

_____

Submitted:  June 13, 2000

Filed:  August 8, 2000

_____

Before LOKEN and BRIGHT, Circuit Judges, and HAND,[*] District Judge.

_____

PER CURIAM.

In January 1997, Cooperative Power Association ("Cooperative") terminated two employees, Anton Carlson and Paula Straub, for work-related misconduct. Carlson and Straub filed separate actions in state court, asserting numerous claims under North Dakota law and a claim for severance pay governed by ERISA. Cooperative removed the two actions to federal court, where they were consolidated, and moved for summary

_____

[*]The HONORABLE WILLIAM BREVARD HAND, United States District Judge for the Southern District of Alabama, sitting by designation.

judgment. The district court granted partial summary judgment dismissing Carlson's claim of age discrimination and Straub's claim of sex discrimination under the North Dakota Human Rights Act ("NDHRA"), N.D. CENT. CODE §§ 14-02.4-02, 14-02.4-03 (2000). After four days of trial, the district court dismissed plaintiffs' remaining claims at the close of plaintiffs' evidence. Carlson and Straub appeal both rulings, arguing in addition that the court erred in denying their post-trial motions because the district judge rendered the trial fundamentally unfair by inappropriate behavior reflecting extreme judicial bias. We affirm.

## I. Background

Carlson and Straub worked at Cooperative's Coal Creek Station near Underwood, North Dakota. Carlson had worked for Cooperative since 1979, most recently as an auxiliary operator. Straub had worked for Cooperative since 1982, primarily as a mechanic. Both were at-will employees paid at an hourly rate.

In late December 1996, a male warehouse clerk, Kim Gutknecht, mistakenly gained access to newly-computerized files containing the salaries of high-level management. Gutknecht told Straub, and they accessed the files together. Straub made a list of some managers' salaries and showed it to others, including Carlson. Carlson made his own handwritten list and distributed photocopies to other employees, which he later retrieved. When Cooperative became aware of this activity, it commenced an investigation to retrieve the information, block further access, and determine who was primarily responsible. During the investigation, Straub and Carlson were initially reluctant to admit their involvement or divulge all they knew. At the end of the investigation, Cooperative disciplined numerous employees, including Gutknecht, and terminated three -- Carlson, Straub, and a younger male employee, Steve Bruestle. At the time of his termination, Carlson was fifty-four years of age.

Carlson and Straub brought this action alleging state law claims of age and sex discrimination, breach of implied contract, deceit, defamation, equitable estoppel, and intentional infliction of emotional distress, plus an ERISA claim for severance pay. In support of its motion for summary judgment, Cooperative argued only the state law discrimination claims. The district court granted summary judgment on those claims, adopting the Report and Recommendation of the magistrate judge. On the eve of trial, Cooperative filed a motion in limine to bar all of plaintiffs' evidence as irrelevant -- in effect, a belated motion for summary judgment on plaintiffs' remaining claims. The district court denied that untimely motion and permitted plaintiffs to present their evidence to the court and a jury. At the close of plaintiffs' case, the court granted Cooperative judgment as a matter of law and dismissed all remaining claims.

## II. The Discrimination Claims

First we address the dismissal of Carlson's and Straub's discrimination claims under the NDHRA. We review the grant of summary judgment de novo. See Lundell Mfg. Co. v. ABC, 98 F.3d 351, 358 (8th Cir. 1996).

**A. Carlson.** Carlson alleges that he was wrongfully terminated on account of his age. The parties' summary judgment briefs to the district court focused primarily on cases applying federal summary judgment standards under the ADEA. The magistrate judge analyzed the summary judgment record under those standards, assuming that Carlson had presented a prima facie case of age discrimination, but recommending that summary judgment be granted because Carlson had insufficient evidence that Cooperative's proffered reasons for termination -- misuse of confidential salary information and dishonesty during the ensuing investigation -- were a pretext for age discrimination. After reviewing recent North Dakota cases, we conclude this mode of analysis was error. Though the North Dakota Supreme Court generally follows federal employment discrimination law in applying the NDHRA, that Court has modified the familiar McDonnell Douglas burden-shifting paradigm:

-3-

[T]he plaintiff has the initial burden of proving by a preponderance of the evidence a prima facie case of discrimination. Establishment of the prima facie case creates a presumption that the employer unlawfully discriminated against the plaintiff. *If the plaintiff meets his or her burden of persuasion . . . then . . . the burden of persuasion shifts to the employer to rebut the presumption of discrimination by a preponderance of the evidence that its action was motivated by one or more legitimate, nondiscriminatory reasons. If the employer fails to persuade the trier of fact that the challenged action was motivated by legitimate, nondiscriminatory reasons, the plaintiff prevails.* If, however, the employer persuades the fact finder that its reasons were nondiscriminatory, the employer prevails.

Schweigert v. Provident Life Ins. Co., 503 N.W.2d 225, 229 (N.D. 1993) (emphasis added).

In Schweigert, the appellate court reviewed a trial court's findings and conclusions after a bench trial. By shifting the burden of persuasion to the employer after plaintiff proves a prima facie case, Schweigert obviously made it more difficult to grant summary judgment to the employer at the pretext stage of the McDonnell Douglas analysis, because the party with the burden of proof is rarely entitled to summary judgment. Therefore, in cases after Schweigert, the North Dakota Supreme Court has remained willing to affirm the grant of summary judgment in favor of employers, but its analysis has consistently focused on whether the plaintiff satisfied his or her burden to prove a prima facie case of discrimination. See Opp v. Source One Mgmt., Inc., 591 N.W.2d 101, 105-08 (N.D. 1999); Miller v. Medcenter One, 571 N.W.2d 358, 361-63 (N.D. 1997); Hummel v. Mid Dakota Clinic, P.C., 526 N.W.2d 704, 709-10 (N.D. 1995).

To establish a prima facie case of age discrimination, Carlson must show: (1) that he is a member of a protected age group; (2) that he was performing the job at a

level that met Cooperative's legitimate expectations; (3) that he suffered an adverse employment action; and (4) that he was replaced by a younger employee, or that similarly situated younger employees were treated more favorably. See Schuhmacher v. North Dakota Hosp. Ass'n, 528 N.W.2d 374, 378 (N.D. 1995). After careful review of the summary judgment record, we conclude Carlson failed to prove that he met Cooperative's legitimate expectations when he disseminated confidential company information and then failed to fully cooperate in the ensuing investigation. Carlson argues that the salary information was not previously treated as confidential, but the undisputed evidence is to the contrary. Carlson further argued to the district court that "[i]t is not Tony's burden to demonstrate that his conduct met [Cooperative's] legitimate expectations," but North Dakota law is clearly to the contrary. See Hummel, 526 N.W.2d at 709-10. Finally, there is undisputed evidence that a similarly situated younger employee received the same treatment, since Cooperative also fired Steve Bruestle for disseminating the salary information. See Miller, 571 N.W.2d at 362 (plaintiff must offer evidence of disparate treatment in his prima facie case). Therefore, we affirm the grant of summary judgment on this ground. See, e.g., Hall v. LHACO, Inc., 140 F.3d 1190, 1193-94 (8th Cir. 1998) (court of appeals may affirm summary judgment on any ground).

**B. Straub.** We likewise affirm the grant of summary judgment dismissing Straub's sex discrimination claim on the ground that she did not establish a prima facie case. Straub failed to meet Cooperative's legitimate performance expectations, she failed to introduce evidence that Cooperative treated her differently because of her sex, and there is undisputed evidence that Carlson was replaced by a woman.

### III. Judgment as a Matter of Law on the Remaining Claims

Straub and Carlson appeal the grant of judgment as a matter of law on their state law claims for breach of contract, defamation, deceit, and equitable estoppel.

Reviewing this issue de novo, we affirm the district court's conclusion that plaintiffs presented insufficient evidence to support these claims under North Dakota law.

Plaintiffs do not appeal the dismissal of their ERISA claim for severance pay, but in their judicial bias argument they sharply criticize the district court for not letting this claim go to the jury because "there was both fact and law supporting this claim." As the district court noted in denying their post-trial motions, plaintiffs failed to put the relevant ERISA plan into evidence. Moreover, the benefits summary document that was put into evidence strongly suggests that Straub and Carlson were not eligible for severance pay. This criticism of the district court is plainly without merit.

## IV. The Issue of Judicial Bias or Misconduct

Plaintiff Carlson was the first witness at trial. By the end of his lengthy testimony, the district judge had become frustrated at the apparent lack of evidence to support plaintiffs' remaining claims. In addition to warning counsel for plaintiffs outside the presence of the jury that these claims might never reach the jury -- an appropriate warning, but something no trial lawyer likes to hear -- the judge by his own admission lost his temper toward the end of Carlson's redirect testimony and criticized Carlson's counsel in the presence of the jury. This was followed by lengthy proceedings outside the presence of the jury, during which Carlson's attorney made offers of proof that further persuaded the judge that plaintiffs' claims lacked substance. However, at the conclusion of these proceedings, the judge denied Cooperative's motion for judgment as a matter of law, stating "I'm going to let [plaintiffs] complete [their] record." When the jury returned, the judge admitted to losing his temper and stated, "I promise I will behave." The trial then continued until the close of plaintiffs' evidence some 430 transcript pages later.

On appeal, plaintiffs argue that the district judge denied them a fair trial by being abusive to counsel for Carlson, both outside and within the hearing of the jury; by

making numerous rulings evidencing the court's bias in favor of the defense; by questioning witnesses and interrupting the trial with numerous comments that favored the defense; by treating female witnesses and the only female attorney disparagingly; and by exhibiting an injudicial lack of civility. After careful review of the entire record, we conclude there was no reversible error because the alleged misconduct did not affect the validity of the court's summary judgment and JAML rulings, which properly removed the entire case from the jury's consideration. The judge's comments during trial reflected frustration over the fact that four trial days were being spent on claims having insufficient support to submit to the jury. That is not judicial "bias." See Liteky v. United States, 510 U.S. 540, 555-56 (1994).

There are nonetheless two aspects of this issue that we find worthy of further comment. First, we agree with the district judge that he should not have lost his temper with counsel for Carlson in front of the jury. In addition, we note that the judge took an active role in questioning and interacting with the trial witnesses. While there is nothing wrong with that, our comparison of the submissions by plaintiffs in support of their post-trial motions, and the judge's memorandum order reacting to those submissions, suggests to us that the judge may have lost sight of the fact that trial comments intended by a judge to be neutral and innocuous, or even helpful, may be perceived by parties and trial counsel as biased, abusive, or disparaging. Second, at various times the judge made remarks on the record, some in the presence of the jury, using language that would charitably be called salty, and that many would consider vulgar, particularly in a courtroom. We consider this type of language to be unbefitting a federal judge.

The judgment of the district court is affirmed.

BRIGHT, Circuit Judge, concurring and dissenting.

I concur in the per curiam opinion except as to Carlson's age discrimination case. After a careful review of the North Dakota case law, I do not agree with the majority that Carlson failed to satisfy the requirements of his prima facie case for age discrimination under the North Dakota Human Rights Act ("NDHRA"). Summary judgment is only proper where the evidence, when viewed in the light most favorable to the nonmoving party, indicates that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. See Henerey *ex rel.* Henerey v. City of St. Charles, 200 F.3d 1128, 1131 (8th Cir. 1999).

Here, a genuine dispute exists regarding Cooperative's legitimate expectations of its employees. Whether or not Carlson's distribution of salary information failed to meet Cooperative's legitimate expectations is a question of fact for a jury. The magistrate made no finding regarding Carlson's failure to meet Cooperative's legitimate expectations but did find that Carlson had established a prima facie case. The parties dispute whether the employees were on notice that salary information was confidential, either as a matter of company policy or practice. The record shows that the hourly wage rates for employees paid by the hour were widely disseminated at the plant. Thus, it cannot be said, as a matter of law, that Carlson's actions in this regard failed to meet the legitimate expectations of his employer.[1] In my view, we should not affirm the district court's grant of summary judgment against Carlson on the grounds suggested by the majority.

---

[1]Furthermore, the parties do not dispute the fact that Cooperative replaced Carlson with a younger person.

Accordingly, summary judgment on this issue was improper, and I would reverse and remand on Carlson's age discrimination claim.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.