2003 ND 87

**Barbara RAMEY, Plaintiff and Appellant,**

v.

**TWIN BUTTE SCHOOL DISTRICT, Defendant and Appellee.**

No. 20020342.

Supreme Court of North Dakota.

June 3, 2003.

Kent M. Morrow, Severin, Ringsak & Morrow, Bismarck, ND, for plaintiff and appellant.

Thomas W. Fredericks, Fredericks, Pelcyger & Hester, LLC, Louisville, CO, for defendant and appellee.

KAPSNER, Justice.

[¶ 1] Barbara Ramey ("Ramey") appeals from a summary judgment dismissing her employment discrimination claim against Twin Buttes School District ("Board"). We conclude Ramey failed to establish a prima facie case of discrimina-

tory non-hiring because she did not present sufficient evidence to demonstrate she was qualified for the positions for which she applied. We affirm the trial court's grant of summary judgment to the Board.

I

[¶ 2] Ramey, an enrolled member of the Standing Rock Sioux Tribe, lives on the Fort Berthold Reservation. Twin Buttes School is a public school located on the Fort Berthold Reservation. More than 90 percent of the students at the Twin Buttes School are enrolled or are eligible for enrollment in the Three Affiliated Tribes. Members of the Twin Buttes School Board are responsible for hiring applicants seeking employment at the school.

[¶ 3] In July and August 1999, Ramey applied to the Board to be hired for the positions of instructional aide or computer specialist. The minutes from the Board's August 20, 1999, special meeting to hire teacher's aides and instructional aides indicate a school board member made a motion to hire Ramey as a teacher's aide and that motion was seconded by another member "for discussion purposes." The motion to hire Ramey was rescinded following comments by the Board members. The minutes from the meeting indicate "[t]he Board stressed being Three Affiliated Tribe . . ., and [the Board] felt with Barb Ramey's qualifications she could be better utilized in different places. Also, the Board had just hired her husband, PJ Little Owl." The Board did not hire Ramey for any of the open teacher's aide positions and she was not hired for the computer specialist position.

[¶ 4] Ramey contends the Board violated the North Dakota Human Rights Act by discriminating against her because of her tribal affiliation; Ramey is a member of the Standing Rock Sioux Tribe and not a member of the Three Affiliated Tribes of the Fort Berthold Reservation. Ramey filed a motion for summary judgment, arguing she established a prima facie case for employment discrimination. The Board contested Ramey's motion for summary judgment and filed its own motion for summary judgment, arguing (1) Ramey failed to file a timely claim as required under the North Dakota Human Rights Act; (2) the North Dakota Human Rights Act does not apply to the Board because it is preempted by federal and tribal law; and (3) Ramey has failed to establish a prima facie case of discrimination under the North Dakota Human Rights Act.

[¶ 5] The trial court denied Ramey's motion for summary judgment and granted the Board's motion for summary judgment on the basis that Ramey failed to establish she was a member of a protected class, and, alternatively, Ramey failed to establish she was qualified for the position, both essential elements of a discrimination claim. Ramey appealed the trial court's decision.

II

[¶ 6] Ramey argues the trial court erred when it granted summary judgment to the Board because genuine issues of material fact existed as to whether she failed to establish a prima facie case of discrimination under the North Dakota Human Rights Act.

[¶ 7] Summary judgment is a procedure for the prompt and expeditious disposition of a controversy without a trial if either party is entitled to judgment as a matter of law, if no dispute exists as to either the material facts or the inferences to be drawn from undisputed facts, or if resolving factual disputes would not alter the result. *Engel v. Montana Dakota Utilities*, 1999 ND 111, ¶ 6, 595 N.W.2d 319. "On appeal, we review the evidence

in the light most favorable to the party opposing the summary judgment motion." *Id.*

■ [¶ 8] We have outlined the burden on the litigants in a motion for summary judgment:

> Although the party seeking summary judgment has the burden to clearly demonstrate there is no genuine issue of material fact, the court must also consider the substantive standard of proof at trial when ruling on a summary judgment motion. The party resisting the motion may not simply rely upon the pleadings or upon unsupported, conclusory allegations, but must present competent admissible evidence by affidavit or other comparable means that raises an issue of material fact, and must, if appropriate, draw the court's attention to relevant evidence in the record raising an issue of material fact. Summary judgment is proper against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial.

*Engel*, at ¶ 7 (citations omitted). "When no pertinent evidence on an essential element is presented to the trial court in resistance to summary judgment, it is presumed no such evidence exists." *Anderson v. Meyer Broadcasting Co.*, 2001 ND 125, ¶ 15, 630 N.W.2d 46.

### III

[¶ 9] Ramey contends she established she was a member of a protected class and she was qualified for the positions for which she applied; therefore, the trial court erred when it concluded she failed to establish a prima facie case of discrimination.

[¶ 10] "The North Dakota Human Rights Act was passed 'to prevent and eliminate discrimination in employment relations, public accommodations, housing, state and local government services, and credit transactions . . . .' " *Miller v. Medcenter One*, 1997 ND 231, ¶ 10, 571 N.W.2d 358 (quoting N.D.C.C. § 14–02.4–01). Under the Human Rights Act, "[i]t is a discriminatory practice for an employer to fail or refuse to hire a person . . . or to accord adverse or unequal treatment to a person or employee with respect to application, [or] hiring . . . because of . . . national origin." N.D.C.C. § 14–02.4–03.[1]

■ [¶ 11] To establish a prima facie case of discrimination for failure-to-hire under the North Dakota Human Rights Act, a plaintiff must show: (1) she is a member of a protected class under the Human Rights Act; (2) she sought and was qualified for the position; (3) she suffered an adverse employment decision; and (4) others not in the protected class were treated more favorably. *See Anderson v. Meyer Broadcasting Co.*, 2001 ND 125, ¶ 18, 630 N.W.2d 46.

### A

[¶ 12] Under the first element for establishing a prima facie case of discriminatory non-hiring, Ramey must show she is a member of a protected class under the Human Rights Act. *Anderson*, at ¶ 18. The North Dakota Human Rights Act protects classes based on:

> race, color, religion, sex, national origin, age, physical or mental disability, status with respect to marriage or public assistance, or participation in lawful activity

---

1. Ramey does not argue that an Indian preference itself violates the North Dakota Human Rights Act.

off the employer's premises during non-working hours which is not in direct conflict with the essential business-related interests of the employer.

N.D.C.C. § 14–02.4–03.

■ [¶ 13] Ramey contends the discrimination was based on national origin because she is a member of the Standing Rock Sioux Tribe and not a member of the Three Affiliated Tribes. Discrimination based on tribal affiliation can give rise to a claim for national origin discrimination. *Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.*, 154 F.3d 1117, 1120 (9th Cir.1998). In *Dawavendewa*, the court concluded that "[b]ecause the different Indian tribes were at one time considered nations, and indeed still are to a certain extent, discrimination on the basis of tribal affiliation can give rise to a 'national origin' claim." *Id.*

[¶ 14] In this case, the trial court concluded Ramey "failed to establish how she was a member of a protected class or how she was discriminated against because of her Tribal affiliation." The trial court mentioned Ramey did not "attach evidence of Tribal affiliation with her job application" and it is well known that applicants "need to submit proof of enrollment with their job application." Ramey argues she is a member of a protected class because there is no dispute that she is an Indian and there is a genuine issue of material fact as to whether the Board had knowledge of Ramey's tribal affiliation.

[¶ 15] The minutes of the Board's August 20, 1999, special meeting indicate the motion to hire Ramey was rescinded following a discussion in which "[t]he Board stressed being Three Affiliated Tribe[s]." Although we assume, without deciding, that the minutes raise an inference of dis-

crimination based on tribal affiliation, it is not necessary in this case to decide this issue because the question of whether Ramey was qualified for the job is dispositive of this appeal.

## B

[¶ 16] Ramey must show, under the second element for establishing a prima facie case of discriminatory non-hiring, that she applied for a position and was qualified for that position. *See Engel v. Montana Dakota Utilities*, 1999 ND 111, ¶ 13, 595 N.W.2d 319.

■ [¶ 17] Ramey applied to the Board for two positions, computer specialist and instructional aide.[2] The job announcement for the computer specialist position listed the following qualifications:

A Bachelors degree in education with a valid North Dakota Teaching Certification would be highly preferred. College experience necessary; will be working toward a teaching certificate, 3–5 years in computer technician experience with Macintosh/Apple and IBM computer in classroom and/or lab experience, working knowledge on systems, installation, networking and Internet application, ability to conduct inservice and demonstration lessons and assist the instructional staff with computer applications, knowledge of Three Affiliated Tribes history, language preferred, Native American Preference, must be drug and alcohol free as a condition of employment.

The job announcement advertising the instructional aide position stated the following qualifications:

Must have at least one year of college in Elementary Education/or Bilingual Education,/or Liberal Arts, or Special Edu-

---

2. Ramey does not challenge that the job skills are reasonably necessary to the position, nor does she dispute that those hired met the qualifications.

cation, must have ability to speak, read and write English, must have knowledge of the Mandan Language and the Culture of the Three Affiliated Tribes, 1–3 years of experience working with Native American Children preferred, must have a valid North Dakota driver's license and be drug and alcohol free as a condition of employment.

[¶ 18] Ramey's resume and application indicate she has experience as a floor/change person at 4 Bears Casino & Lodge from August to December 1994, as an assembly line worker at Killdeer Mountain Manufacturing from May to August 1997, and as a "clerk/bagger/invoice" for five years at Super Valu. Ramey stated in her resume that her responsibilities at 4 Bears Casino & Lodge

> required the technical knowledge of slot machines and change machines. Filling various machines with correct change, [c]orrecting bill and coin jam problems, reel tilts, and documenting all in-machine repairs by time, date, and situation. Finally, distributing all jackpots to the proper winners.

Ramey's resume indicates her duties while working at Killdeer Mountain Manufacturing included:

> assembl[ing] circuit board[s], and all computer chips accurately. Making sure all boards and bulbs on boards worked. Soldered computer chips on circuit board to the standard of the Manufacturing Company and Customer. Doing top priority projects for the Government and getting Governmental clearance for those projects.

[¶ 19] Ramey also included on her resume her computer skills and computer experience. Ramey states: "I have approximately five yrs of experience with personal computers, Windows '95, Windows 6.0, and some knowledge of DOS/Microsoft Office Suite.... I have worked with QuickBooks Pro 99, for computerized accountings since January of 1999."

[¶ 20] In this case, the trial court concluded "Ramey's application and resume show that she was indeed **not** qualified for the positions sought." (Emphasis in original). Ramey's application and resume indicate she has an Associate of Arts degree in Business Administration/Accounting, not a Bachelors degree in education with a North Dakota Teaching Certification which was "highly preferred" for the computer specialist position. Ramey disclosed she has "experience with personal computers" in her resume; however, Ramey did not indicate in her application or resume whether she has any experience as a computer technician when the job required three to five years of computer technician experience. The job announcement sought applicants with computer experience, including experience with Macintosh/Apple and IBM computers; a working knowledge concerning installation, networking, and Internet applications; and the ability to conduct demonstration lessons. Nothing in Ramey's application or resume show that she met the qualifications for the computer specialist position. Melissa Starr, the elected President of the Board, stated in an affidavit Ramey was not hired because:

> Ms. Ramey's application and resume did not establish any work or educational experience that qualified her for the computer tech position. She has worked as a floor/change person at the tribal casino and an assembly line worker in a factory. Her education was in business and accounting—not computers. The successful candidate had an Associate of Science degree from North Dakota State at Dickinson, as well as impressive work experience, including office administration and computers.

[¶ 21] Although Ramey argues she was qualified for the computer specialist position, she has failed to provide any evidence that she met the qualifications, as advertised, for the position. Ramey's work and educational background do not demonstrate any experience as a computer technician. Ramey did not meet her burden of putting forth enough evidence to show she was qualified for the computer specialist position; therefore, Ramey failed to establish a prima facie case of discrimination under the law.

[¶ 22] Ramey also argues she was qualified for the position of instructional aide. Ramey contends she possessed all of the listed qualifications for the instructional aide position except for one year of college, and she has an Associate of Arts degree which is equal to or better than the qualification requested. Although Ramey may have taken some liberal arts or education classes, neither Ramey's application nor her resume establish she has the required one year of college in elementary education, bilingual education, liberal arts, or special education; Ramey's college education pertains to business administration and accounting. The job announcement also stated the applicant "must have knowledge of the Mandan Language and the Culture of the Three Affiliated Tribes." Nowhere in Ramey's application or resume does she indicate any knowledge of the Mandan language or the culture of the Three Affiliated Tribes. Ramey's work experience and educational background do not demonstrate she has any experience teaching or working with children despite the preference that the applicant have one to three years of experience working with Native American children. Ramey failed to demonstrate that she possesses each of the qualifications listed in the job announcement advertising the instructional aide position.

[¶ 23] Ramey asserts that the Board considered her qualified for the instructional aide position because at least two Board members felt she was qualified when one member made a motion to hire Ramey and another member seconded that motion. The minutes from the meeting indicate the motion was seconded "for discussion purposes" and not to immediately hire Ramey for the position. The trial court concluded "[a] review of the record shows that the weight of the evidence suggests that Ramey was not hired because three of the five Board members simply felt she was not qualified to fill the positions."

[¶ 24] Ramey also argues the Board thought she was qualified for the instructional aide position because of its comments, reflected in the August 20, 1999, minutes, that the Board "felt with Barb Ramey's qualifications she could be better utilized in different places." Ramey contends in her affidavit that a Board member not only thought she was qualified but said Ramey was "over qualified." Melissa Starr's affidavit states that Ramey was not hired for the instructional aide position because "Ms. Ramey lacks any experience educating children. The Board felt that the successful applicants were better qualified and/or more reliable." Ramey failed to meet her burden of establishing she met each qualification listed on the job announcement for the instructional aide position. We conclude Ramey did not establish a prima facie case of discrimination.

IV

[¶ 25] Because Ramey has failed to establish an essential element of unlawful discrimination, this Court does not need to discuss the other elements for establishing a prima facie case of discrimination. *Miller v. Medcenter One,* 1997 ND 231, ¶ 19,

571 N.W.2d 358 (citing *Braaten v. Deere & Co.,* 1997 ND 202, ¶ 19, 569 N.W.2d 563).

V

[¶ 26]   We conclude Ramey failed to establish a prima facie case of discriminatory non-hiring because she did not put forth enough evidence showing she was qualified for the positions for which she applied. The judgment of the trial court granting summary judgment to the Board is affirmed.

[¶ 27] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, WILLIAM A. NEUMANN and DALE V. SANDSTROM, JJ., concur.